**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth C. Taylor,<br><br>            Plaintiff,<br><br>v.<br><br>Gouri G. Nair,<br><br>            Defendant. | No. CV-13-01982-PHX-DGC<br><br>**ORDER** |

Plaintiff Kenneth C. Taylor has filed a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Doc. 15. The Court will deny the motion.

**I.     Background.**

Plaintiff filed a complaint against Defendant Gouri G. Nair asserting various claims arising from Defendant's alleged breach of contract and failure to fulfill her fiduciary duty by committing fraud. Doc. 1, ¶ 6. Plaintiff's complaint seeks damages of $1,500,000 and a permanent injunction preventing Defendant from "performing any act or duties as a licensed attorney in any court in the United States." *Id*. at 2.

Default was entered by the Clerk on February 20, 2014. Doc. 11. On March 6, 2014, Plaintiff filed a motion for default judgment. Doc. 12. Because Plaintiff failed to address the proper legal standard, the Court denied his motion without prejudice. Doc. 14. Plaintiff has filed a new motion seeking a default judgment. Doc. 15.

**II.    Legal Standard.**

Once a party's default has been entered, the district court has discretion to grant

default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**III.   Analysis.**

    **A.   Possible Prejudice to Plaintiff.**

The Court cannot determine that the first *Eitel* factor favors Plaintiff. Plaintiff, who is appearing pro se in this action, filed a return of service stating that he served the complaint on Defendant by certified mail. Doc. 6. The return attached a document showing that Defendant was served in Vermont. *Id.* at 2.

Rule 4 of the Federal Rules of Civil Procedure does not expressly permit service on an individual defendant by certified mail. Fed. R. Civ. P. 4(e). The rule provides, however, that service may be completed in accordance with the law of the state where service is made. *Id.*, Rule 4(e)(1). Thus, if the state where a defendant is located permits service by certified mail, Plaintiff may use this means of service. *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999).

Plaintiff does not address the law of Vermont and has made no showing that service by certified mail is permitted there. The Court's review of Rule 4(f) of the Vermont Rules of Civil Procedure suggests that service by certified mail is permitted

1  only in limited circumstances, none of which applies here.[1]

2  In addition, Plaintiff asserts in his motion that Defendant Gouri Nair signed and acknowledged certified receipt of the summons and complaint. Doc. 15 at 1. The document attached to the return of service, however, shows that it was signed by a Rewj Raj. Doc. 6 at 2. Plaintiff has not shown that Defendant received actual notice of this lawsuit.

Because the record before the Court suggests that service may not have been completed in accordance with law or in a manner that provided actual notice to Defendant, the Court cannot conclude Plaintiff will be prejudiced if default judgment is not entered. Prejudice results from a defendant's refusal to participate only when the defendant is properly served with process.

**B.   The Merits of the Claim and the Sufficiency of the Complaint.**

The second and third *Eitel* factors weigh against entry of a default judgment. Plaintiff's complaint asserts claims for breach of contract and breach of fiduciary duty. Both claims are legally insufficient as pled, and the merits cannot be evaluated given the bare-bone factual allegations in the record.

A breach of contract claim contains three elements: (1) the existence of a contract, (2) its breach, and (3) resulting damages. *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004). Plaintiff's complaint alleges no facts to support any of the elements of a breach of contract claim. Although his complaint alleges that a contract existed, it states only that Defendant was "hired by Plaintiff as his legal counsel for a family court case" and that Defendant breached the "written contract with intentional

---

[1] Vermont Rule 4(f)(1) provides that "[w]here service cannot with due diligence be made personally within or outside the state, service of the summons and complaint may be made by mail upon a person described in subdivision (e) in the following cases: (A) Where the person to be served has an interest in, title to, or right to the possession of goods, chattels, rights, credits, land, tenements, or hereditaments in the state which has been or on pending motion may be attached or secured by trustee process in the commencement of the action, or will be affected by a judgment in the action; (B) Where the person to be served is one against whom a judgment for divorce or annulment of marriage is sought." Vt. R. Civ. P. 4(f)(1). Plaintiff has made no showing that personal service could not be made on Defendant with due diligence, nor is this a divorce or annulment case or one where a specific asset may be attached, secured, or affected.

- 3 -

negligence by intentionally misrepresenting her co-worker position with her company." Doc. 1, ¶¶ 3, 6.  Legal conclusions are not facts, and the Court cannot conclude from facts allegedly admitted in the complaint that Plaintiff has a valid claim.

Plaintiff's claim for breach of fiduciary duty by committing fraud is also legally insufficient.  Claims alleging fraud must be pled with precision. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.").  Rule 9(b) imposes a heightened pleading standard for fraud claims: "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).  A plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Plaintiff's complaint does not meet Rule 9(b)'s heightened pleading standard and therefore does not provide a body of allegedly admitted facts from which the Court can determine that Plaintiff has a valid claim for breach of fiduciary duty.

Plaintiff has also failed to plead facts necessary to recover punitive damages.  For punitive damages, "a plaintiff must prove by clear and convincing evidence that the defendant engaged in aggravated and outrageous conduct with an 'evil mind.'" *Hyatt Regency v. Winston & Strawn*, 907 P.2d 506, 518 (Ariz. Ct. App. 1995).  Plaintiff has not satisfied this pleading requirement.

### C. The Amount of Money at Stake.

The fourth *Eitel* factor weighs against entry of default judgment.  The Court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct.  *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d. 1172, 1176 (9th Cir. 2002). Plaintiff seeks $1,500,000, including $15,000 in fees paid to Defendant, $80,000 in lost income since 2011, $30,000 to compensate for a vehicle lost as a result of a job loss, $1,000 for evaluation by court order, $3,500 in court fees, $500 in postage fees, and

$1,400,000 in punitive damages for Defendant's fraudulent conduct that has caused Plaintiff severe anguish. Doc. 15 at 4-5. Plaintiff has not provided evidence to substantiate his alleged damages.

### D.   Possible Dispute Concerning Material Facts.

The fifth *Eitel* factor weighs against entry of default judgment. Plaintiff provided only threadbare factual allegations in his complaint, and the Court therefore has accepted very few allegations as true. This fact, plus the potentially defective service discussed above, make it wholly possible that Defendant, if properly served, would dispute Plaintiff's claim to $1,500,000 and injunctive relief.

### E.   Whether Default Was Due to Excusable Neglect.

The sixth *Eitel* factor weighs against entry of default. As noted above, the Court cannot conclude from this record that Defendant was properly served or received actual notice of this lawsuit. The Court therefore cannot rule out the possibility that Defendant's failure to answer was the result of lack of knowledge or excusable neglect.

### F.   Policy Underlying Federal Rules of Civil Procedure.

The final *Eitel* factor weighs against default. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Entry of a default judgment when proper service of process is in doubt would not be consistent with the policy of the Federal Rules of Civil Procedure.

### G.   Conclusion.

Having reviewed Plaintiff's motion and considered the *Eitel* factors, the Court concludes that entry of default judgment is not appropriate. The Court recognizes that Plaintiff is proceeding pro se, but the Court cannot overlook the requirements for proper service. In addition, even if the Court were to find that service was proper, or even if the current complaint were to be served on Defendant in accordance with Rule 4, the complaint is too lacking in factual allegations to state a claim or support a default judgment.

**IV. Further Proceedings.**

If Plaintiff wishes to pursue this case, he may file an amended complaint by **July 3, 2014**. If Plaintiff believes that his original complaint was properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure, he may send a copy of the amended complaint to Defendant by any method approved in Federal Rule of Civil Procedure 5(b). If service was not properly completed, he must serve Defendant in accordance with Rule 4 by **August 15, 2014**. Plaintiff is warned that failure to file an amended complaint or to meet this service deadline will result in dismissal of this action without further order of the Court.

For purposes of preparing an amended complaint, the Court provides the following guidance: Plaintiff must familiarize himself with the elements of each claim that he wishes assert in his amended complaint. He must then provide specific factual allegations to support and substantiate each claim. Part III.B of this order outlines deficiencies in the way Plaintiff pled his claims and can be used as a guide to revise the complaint.

**IT IS ORDERED** that Plaintiff's motion for entry of default judgment (Doc. 15) is **denied**.

Dated this 13th day of June, 2014.

David G. Campbell
United States District Judge